Per Curiam.
The action was brought by a receiver appointed in supplementary proceedings and resulted in the dismissal of the complaint, with costs. Costs having been taxed, the defendant, moved under section 3241 of the Code, that Willis M. Ranney be compelled to pay the costs on the ground that, the action had been brought at his request. Notice of that, motion was served upon the attorney for the plaintiff, in the action in which the receiver was appointed, and the attorney for the receiver, but was not served on Ranney personally. The court granted the motion. Subsequently, a motion was made on behalf of Ranney, who appeared by attorney, for the purposes of that motion only, to vacate the order requiring him to pay such costs. This motion was denied, and from the order denying that motion plaintiff appealed.
*130 If the order directing Ranney to pay the costs had any validity, proceedings might be taken at once against him or his property to enforce.such order. He had an interest in having it set aside so that proceedings upon it might not even be begun. This order adjudicated him to have been beneficially interested in the action brought by the receiver, and that action was brought at his request. Such an order could not be made without notice to him so that he could be heard, and oppose.
The finding in the action that it had been brought at his request, and that he was beneficially interested in it, was without validity as to him, as he was not a party to the action. It cannot be said that the notice to the attorney for the receiver was notice to Ranney, because, before it could be held that the attorney for the receiver was acting for Ranney, the court must find that the receiver brought the suit at Ranney’s request, or on Ranney’s account, and that fact was in controversy, and was the fact to be tried on this motitin. Nor Was notice to the attorney for Ranney in the action on which the receiver was appointed, notice to Ranney. That attorney’s authority to appear for Ranney ceased on the entry of the judgment in that action, and there is no evidence that he was subsequently employed by Ranney. ■
The original order having been entered ex parte so far as Ranney was concerned, his proper proceeding was to move to set it aside, and we think that motion should have been granted.
The order appealed from is reversed, with $10 costs and disbursements, and the motion below granted, with $10 costs.

Note. It appeared in the appeal book that the request required by Rule 79 had been filed by the judgment creditor, who was a non-resident. This, however, is not adverted to in the opinion, because the merits of the application to charge the judgment creditor with costs were not involved in the motion to vacate the order so charging him, on the ground of its invalidity.